Enter judgment IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN LEGION POST #497 VETERANS, INC. | : | |
| Plaintiff | : | No. |
| v. | : | |
| CHELTENHAM SCHOOL DISTRICT | : | COMPLAINT |
| and | : | |
| MONTGOMERY COUNTY PENNSYLVANIA | : | NO JURY |
| BOARD OF ASSESSMENT APPEALS | : | |
| and | : | |
| MONTGOMERY COUNTY PENNSYLVANIA | : | |
| SHERIFF | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff, AMERICAN LEGION POST #497 VETERANS, INC. by and through its attorney, seeking *Declaratory Judgment and monetary damages pursuant to 42 U.S. Code section 1983* alleges the following:

## <u>THE PARTIES</u>

1.  Plaintiff is The American Legion Post #497, Inc., a Pennsylvania not for profit corporation (herein "Legion") with its principal office at 8035 Jenkintown Road, Cheltenham Township, Montgomery County, Pennsylvania 19090 (the "Premises").

2. Defendants are the Cheltenham School District (herein sometimes "Cheltenham"), the Montgomery County Board of Assessment Appeals (herein "BOA"), and the Montgomery County Sheriff (in a representative capacity only) (herein "Sheriff") each a body politic (herein collectively "Defendants").

1

## JURISDICTION AND VENUE

3. This action seeks 1) Declaratory Relief holding that Defendants collectively violated Legion's guaranteed protected rights to which it is entitled by the Constitution of the United States of America; and 2) compensatory damages from the Defendants arising from and due to their intentionally, collectively and conspiratorially, under color of state law, violating Legion's Federal Constitutional right to Due Process and entitlement of Uniformity, intending thereby to deprive Legion of its property, in the sum of Legion actual expenses caused by Defendants abuse of process, including but not limited to, Cheltenham unlawfully suing Plaintiff under cover of state law to recover real property taxes from which Legion's property was exempt, wherefore Legion seeks monetary damages in excess of $50,000.00, that include recovery of attorney fees, cost and witness expenses arising from the action styled as Cheltenham School District, Plaintiff v. American Legion Post 497 Veterans, Defendant, docketed in the Court of Common Pleas in and for Montgomery County, PA as docket number 2021-07282 ("State Action").

4. Jurisdiction for this action arises under 42 U.S. Code section 1983, as amended, wherein a Federal District Court has concurrent jurisdiction in all such civil actions.

5. Venue for this action relies on Section 1391 of 28 U.S.C. of 1948, as amended in that the Plaintiff has a place of business in Pennsylvania, and all the events giving rise to the claim occurred and all the property that is the subject of the claim is in Montgomery County, Pennsylvania.

## FACTUAL ALLEGATIONS

6.  Prior to 1920, a group of military veterans that were honorably discharged from the military services of the United States of America, having fought in World War 1, it is commonly believed, formed a Pennsylvania not-for-profit entity named Cheltenham Legion Home Association.

7.  The Legion is a chartered Post (hereinafter sometimes "Post") of the American Legion (herein "American Legion"), a charitable entity, that in 1919 was created by an Act of the Congress of the United States of America (36 U.S.C.A. section 21701 et seq.).

8.  The Post, following its inception in 1920, pursuant to the Institutions of Purely Public Charity Act as enabled by the Pennsylvania Constitution, is and always was an Institution of Purely Public Charity, whereby any real property it thereafter owned would be exempt from real property taxes.[1]

9.  On September 15, 1920, the American Legion chartered Post as its #497 post, thereby becoming, together with its members as Legionnaires, part of the American Legion.

10.  The Commonwealth of Pennsylvania, Department of Revenue, issued to the American Legion and inter alia all of its posts in Pennsylvania, including the Applicant Post, i.e., American Legion Post #497 Veterans, Inc., a perpetual Sales Tax Exemption as prescribed by the *uniformly* clause of the Pennsylvania Constitution for all American Legion posts in Montgomery County,

---

[1] Section 7108 - Exemptions

All real estate, by whomsoever owned and for whatsoever purpose used, other than property owned by the State or the United States, shall be subject to all tax and municipal claims herein provided for, except that all property owned by any county, city, or other municipality or municipal division, and actual places of religious worship, places of burial not held or used for private or corporate profit, **and institutions of purely public charity, shall not be subject to tax or municipal claims on property, by law, exempt from taxation** except for the removal of nuisances, for sewer claims and sewer connections, or for the curbing, recurbing, paving, repaving, or repairing the footways in front thereof. All other real estate, by whomsoever owned and for whatsoever purpose used, shall be subject to all tax claims and municipal claims herein provided for: Provided, however, That nothing in this act contained shall hinder or prevent any municipality from providing that any municipal work may be done at the expense of the public generally, and be paid out of the general funds of the municipality.

Pennsylvania, of which there are no less than two other real property tax exempted posts so situated.

11.  On October 3, 2023, the BOA denied the Legion's Petition for Exemption from taxation nunc pro tunc for the years 2019 through 2023; however, granted Post's the requested exemption for 2024 and perpetually thereafter.

12. On July 26, 1960, the "Premises", was acquired by the Post (then known as Cheltenham Legion Home Association) by a certain Deed (herein "Elkins Deed") as recorded at Norristown, PA, in the offices for the recording of deeds in and for Montgomery County, in Deed Book 3075 at pages 399 et seq.

13.  The Elkins Deed named the Grantee therein as Cheltenham Legion Home Association (herein "mistake").

14.  The American Legion on March 25, 2019, caused Post, to execute and record a certain "Indenture" *to change the grantee's name as a matter of law and correct a long standing mistake in the Elkins deed* (herein "Indenture") to American Legion Post #497 Veterans, and said Indenture was thereafter recorded at Norristown, PA, in the offices for the recording of deeds in and for Montgomery County, PA on March 27, 2019, in Deed book 6130 at pages 00328 et seq.

14.  The Indenture, being a deed of confirmation to correct a mistake, solely changed the Grantee's name from that set forth in the 1960 Elkins Deed as Cheltenham Legion Home Association to American Legion Post #497 Veterans.

15.  As a deed of confirmation, the Indenture did not convey any title, property or real estate interest whatsoever; rather the Indenture by its terms "confirmed" title and interest of the Post in the Premises, *nunc pro tunc*, as if it was received by the Post upon delivery of the Elkins Deed in 1960

by the corrected name American Legion Post #497 Veterans, as mandated by the American Legion, being its proper name.

16.  The Indenture *confirmed* as a matter of law the *correction of the Grantee's name* on the Elkins Deed for the Premises, effective July 26, 1960, ***nunc pro tunc***, to be the American Legion Post #497 Veterans, Inc., a/k/a American Legion Post #497 Veterans.

17.  Prior to recording the Indenture the Premises was continually since its acquisition by the Elkins Deed in 1960 *through and including December 31, 2019* exempt from taxation.

18.  On August 29, 2023, an Affidavit of Title prepared pursuant to *21 P.S. § 45*[2] was certified as reciting facts therein set forth affirming the foregoing purpose of the Indenture, i.e., correcting a mistake, which upon recording at Norristown, PA, in the offices for the recording of deeds in and for Montgomery County in Deed Book 6339 at pages 00755 et seq. on September 14, 2023, became admissible evidence of the facts therein so set forth.

20.  On September 5, 2019, the BOA issued an Assessment Notice (herein "Change Notice") with respect to the Premises, which did not change the Premises' assessed ad valorem value, but solely reflected an "E" adjacent thereto "supposedly" representing thereby that the Premises beginning January 1, 2020, <u>would no longer be exempt from County and Township taxes</u>. (The Assessment Notice is attached hereto marked **Exhibit "A"** and hereby made a part hereof).

21.  On September 5, 2019, Robert E. Wright Jr., CPE, Chief Assessor for the BOA, transmitted a letter (herein "Letter Notice") with respect to the Legion regarding the Premises,

---

[2]  An affidavit, stating facts relating to the matters hereinafter named, which may affect the title to real estate in this Commonwealth, made by any person having personal knowledge of the facts and competent to testify concerning them in open court, may be recorded (even though not acknowledged) in the Office of the Recorder of Deeds or Commissioner of Records in the county in which such real estate is situated; and when so recorded, such affidavit, or a certified copy thereof, shall be admissible evidence of the facts therein stated, insofar as such facts affect title to real estate, provided a member of the bar of the highest court of this Commonwealth shall have signed a certification, appended thereto, that he or she relied upon such affidavit in passing on the title to such real estate.

stating that a transfer of title in and to the Premises from Cheltenham Legion Home Association to American Legion Post 497 Veterans, Inc., a/k/a American Legion Post 497 Veterans had occurred on March 25, 2019 and that because thereof the Premises lost its exempt status as stated on the Change Notice for real estate taxes imposed by the county and township as had theretofore been bestowed upon the Premises from the date of the Elkins Deed sixty (60) years before, effective January 1, 2020.  (The Letter Notice is attached hereto marked **Exhibit "B"** and hereby made a part hereof).

22.    Robert E. Wright Jr., CPE, Chief Assessor for the BOA, is not believed to be an attorney to opine that a transfer of title in and to the Premises had occurred by the Indenture nor an administrative law judge empowered to unilaterally remove the exempt status of the Premises.

23.    Neither the Change Notice nor the Letter Notice stated the exemption was revoked or lost in respect to school taxes, but rather only that the exemption for county and township taxes was lost effective January 1, 2020.  School taxes, unlike county and township taxes are imposed on a fiscal basis i.e., on July 1st each year as opposed to January 1st.

24.    Upon recording of the Indenture, the Premises by law from its acquisition in 1960 was and is tax exempt from real property taxes being not only an Institution of Public Charity[3] but because it is a post of the American Legion Legionnaires.

---

[3] Institutions of Purely Public Charity Act. 1997, Nov. 26, P.L. 508, No. 55, § 1, imd. Effective: b) INTENT.--It is the intent of the General Assembly to eliminate inconsistent application of eligibility standards for charitable tax exemptions, reduce confusion and confrontation among traditionally tax-exempt institutions and political subdivisions and ensure that charitable and public funds are not unnecessarily diverted from the public good to litigate eligibility for tax-exempt status *by providing standards to be applied uniformly in all proceedings throughout this Commonwealth for determining eligibility for exemption from State and local taxation which are consistent with traditional legislative and judicial applications of the constitutional term "institutions of purely public charity."*

25. On July 1, 2019, more than three (3) months following the recording of the Indenture, the Cheltenham School District issued real property tax bills for its school district for the fiscal year 2019-2020.

26. The Premises was not taxed by the Cheltenham for the *fiscal* tax year 2019-2020 notwithstanding that the Indenture was recorded more than three (3) months prior to the beginning of the school district fiscal year on July 1, 2019.

27. By the State Action, a tax sale of the Premises was perpetrated by Cheltenham for nonpayment of school taxes imposed upon the Premises on July 1, 2020, payable thereafter by June 30, 2022, following the Post closing by Order of the State Governor in March 2020.

*28.* On March 19, 2019, by Order of Pennsylvania Governor Wolf, the Premises was ordered and did then close due to the COVID 19 pandemic, not to reopen until 2023. *On May 10, 2023, the Court imposed Emergency Order Declaration (due to COVID) of May 28, 2020, was vacated.* (herein "Governor's Order").

29. Post is a local post of the American Legion, and as such in title as the representative property owner of the Premises[4] for the American Legion whose address is 700 N. Pennsylvania St. P.O. Box 1055 Indianapolis, IN 46206.

30. Post upon reopening its doors in 2023 became aware that school taxes had been levied upon the Premises for the period from July 1, 2020 to June 30, 2021 ("tax bill at issue").

*31.* *On or about July 1, 2020, the tax bill at issue was levied for the first time during the COVID pandemic while the Post was closed per the Governor's Order, in direct contradiction of no such similar tax bill having been issued following the recording of the Indenture for the tax year 2019-2020, while the Post was open.*

---

[4] As are similarly two other parcels of real property in Montgomery County, PA that were always and retained exempt from taxation status as American Legion Post.

32.    It was not until July 2023, that Post filed an application for exemption to the BOA because it was then that *Court imposed Emergency Order Declaration arising from COVID was vacated by the Court Order on May 10, 2023, enabling Cheltenham to pursue the tax sale of the Premises the following month*.

33.    Following the Change Notice aforesaid, Post having always been exempt from real estate taxation as a matter of law from the date of the Elkins Deed sixty (60) years prior, did not file sooner an application for tax exemption nunc pro tunc until 2023, being since 2020 (before the tax bill at issue was levied) protected from a tax sale by the *Emergency Order Declaration (due to COVID) entered on May 28, 2020* until *May 10, 2023.*

34.    In 2023 Post filed a tax assessment appeal as aforesaid in the form of an application for exemption nunc pro tunc with the BOA seeking the entry of exempt status nunc pro tunc for the Premises from 2020 and forever thereafter as it qualified for such as a matter of law (herein "Application").

35.    On September 28, 2023, a hearing ("hearing") was held and conducted to address the Application before the BOA *wherein the only legally admissible opinion regarding the purpose of the Indenture presented at the hearing was the Affidavit*.

36.    On October 3, 2023, a Decision was issued by the BOA "placing" the Premises on the exempt list effective January 1, 2024, as to taxes thereafter.

37.    On October 3, 2023, the Decision was further made by the BOA to deny Post's request for relief from taxation *nunc pro tunc*. An appeal challenging that Decision was timely filed to the Court of Common Pleas of Montgomery County, PA, styled as c/a #2023-23009.

38.    Post could not expect nor anticipate the issuance of the school tax bill at issue for 2020-2021 in July 2020, because a similar tax bill for school taxes had not been sent to Post by

Cheltenham in July 2019 for the fiscal year 2019-2020, which was immediately following the recording of the Indenture and as the 2020-2021 tax bill was issued after the Post had to close per the Governor's Order in March, 2020.

39.     Post could not expect nor anticipate the issuance by Cheltenham of the school tax bill at issue for 2020-2021 because neither the Assessment Notice nor Change Notice issued in 2019 informed Post of a change of exemption status regarding the Cheltenham School District tax effective July 1, 2020.

40.     Neither Post nor the American Legion were sent any Notice of the change of exemption from taxation for or by Cheltenham and/or the BOA regarding school taxes.

42.     The Premises is and was always Exempt from real estate taxation as mandated by the Pennsylvania Constitution *uniformly* clause for all American Legion posts in Montgomery County, Pennsylvania, of which there are no less than two others.

43     The Premises is and was always Exempt from real estate taxation as an Institution of Purely Public Charity; therefore, from its acquisition in 1960, the Premises was and has remained fully and always exempt from the imposition of any and all real property taxes whatsoever, including those at issue for 2020 through 2023 inclusive, because a transfer of title, property or interest in and to the Premises had never occurred.

44.     The reason for the loss of exemption made by the Chief assessor, i.e.  concluding that in 2019 Indenture as having changed the ownership of the Premises is in contradiction of the Affidavit of Title[5] and furthermore an opinion of law that the assessor is not qualified nor enabled to render.

---

[5] Made by and opined by a lawyer and certified by a lawyer as to the matter of law set forth in the Indenture, not so stated as a matter of fact re transfer of title.

45.   Contrary to the reason stated on the Change Notice, in fact, per the Affidavit there was not a change of ownership of the Premises upon recording the Indenture in 2019; rather merely a correction of a mistake to change the name; facts only the affiant would know as the scriber of the Indenture, which thereby enabled the Affidavit to be factually offered into evidence upon certification and recording thereof.

46.   On June 28, 2023, the Sheriff, pursuant to a Writ issued in the State Action at the behest of Cheltenham, orchestrated a "suggested" online auction tax sale to recover 2019-2020 school taxes for Cheltenham; said tax then levied for the first time in 60 years upon the Premises.

47.   The online auction was conducted by an independent service provider, i.e., Bid4Assets; whereby on the date of the sale only those persons preregistered with Bid4Assets prior thereto would be permitted to bid on the date of the sale.

48.   As of July 12, 2023, Legion first learned having not received any sooner notice from Cheltenham and/or the Sheriff (or from its representative auctioneer, Bib4Sale), that the Premises was pursuant to the State Action as so Ordered on June 20, 2023 (herein "Order") "purportedly" sold on June 28, 2023.

49.   Pursuant to the Order, the Notice directed therein to be mailed[6] to Veterans with a copy of the Order as equity suggest for fairness and fair dealing *was not received prior to the sale by Veterans* informing it of a upcoming tax sale to be held on June 28, 2023.

50.   Upon information neither Cheltenham nor its representative attended the online auction.

51.   None of the "facts" set forth in the State Action were based upon information and belief.

52. The State Action, as neither county nor township taxes were sought thereby, was brought solely to collect school taxes.

_____

[6] First class mail.

53. The State Action was filed solely upon averred as "factual" allegations.

54. LEGION demanded that the State Action on numerous occasions be withdrawn for the following reasons among others, each of which the Defendants rejected:

(1)       it was not presented for any proper purpose, but rather to continue to unlawfully deprive Plaintiff of property rights by intentionally and needlessly increasing the cost of litigation,

(2)       it sets forth claims and other legal contentions not warranted by existing law but rather are frivolous and vexatious arguments,

(3)       it sets forth no factual allegations supported by evidence, and none were even identified as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)       it must fail as Plaintiff's denials of factual allegations are warranted on the evidence.

55.  On June 28, 2023, Bid4Assets unilaterally orchestrated the online tax sale for the Cheltenham to recover *2020-2021 school taxes*. Allegedly *premised* upon a judgment against the Premises for the *2020 real estate taxes*.

**56.  Pursuant to PA RCP 3129.3(c)[i], the online tax sale at issue was illegally held because neither the Plaintiff nor a representative thereof was present at the sale and in their absence BID4Assets (in place of the Sheriff) was required to return the Writ of Execution to the Prothonotary indicating that the real property was not sold due to such party's absence at the sale.**

57. Prior to the Administrative Order allowing online tax sales, i.e. the *Emergency Order Declaration (due to COVID) entered on May 28, 2020 vacated on May 10, 2023,* the Sheriff arguably had been empowered to orchestrate online tax sale due to COVID. However, that enabling *Emergency Order Declaration* expired in May 2023, rendering the tax sale at issue on June 28, 2023, unlawful, thereby resulting in an unconstitutional taking of Legion's property,

because by law, i.e., **PA RCP 3129.3(c)** the sale was to be canceled and the Writ returned to the Prothonotary.

58. Because of the Emergency Order Declaration, the Application for tax exemption *nunc pro tunc* was equitably deferred and filed in 2023 seeking exemption from all taxes notwithstanding that the Notices did not include school taxes, and neither the BOA or Cheltenham had informed the Legion prior to its closing in 2020, that the Post had lost its school tax exemption.

59. The Premises is real property owned, occupied, and used actually and regularly as a post of and by honorably discharged servicemen and/or servicewomen for benevolent, charitable or patriotic purposes.

60. Pursuant to "75 PA Section 5020-204 - Exemptions from taxation" section (a), imposition of real estate taxes upon the Post was illegal[7].

61. Federal Constitutional Due Process demands that a taxpayer be given notice of the removal of the exemption from the imposition of school taxes, which the school district did not give the Legion for any fiscal tax year following the recording of the Elkins deed and the Indenture thereafter, including specifically for the fiscal tax years that commenced on July 1, 2019 and July 1, 2020.

62. The Premises by Pennsylvania law was always exempt from real estate taxes notwithstanding the acts or actions of the BOA.[8]

---

[7] The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

> (8) All real and personal property owned, occupied, and used by any branch, post or camp of honorably discharged servicemen or servicewomen and actually and regularly used for benevolent, charitable, or patriotic purposes.

[8] Section 7108 - Exemptions

> "All real estate, by whomsoever owned and for whatsoever purpose used, other than property owned by the State or the United States, shall be subject to all tax and municipal claims herein provided for, *except that all property owned by* any county, city, or other municipality or municipal division, and actual places of religious

63.   Pursuant to 53 PS § 7108 the Premises was exempt by law before, after, and always, notwithstanding the recording of the Indenture.

64.   The BOA lacked authority to impose any tax, which included county and township taxes, as Assessor Wright, contrary to 53 PS § 7108, did on September 5, 2019, whereby the BOA removed the tax exemption of the Post for county and township taxes theretofore benefiting the Post, because, unlike other charitable entities that needed to reapply to establish their entitlement for an exemption, the Post's had newly acquired title to the Premises and was specifically identified on the Indenture (upon its face) to be a post of the American Legion, and thereby inter alia, exempt from taxation pursuant to 75 PA Section 5020-204.

## DECLARATORY JUDGMENT ACTION

66. Many other American Legion posts throughout Montgomery County, PA are exempt from real estate taxation, therefore so must be the Petitioner's Post.

67.   Article VIII, Section 1 of the Pennsylvania Constitution, i.e., "the Uniformity Clause," provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax and shall be levied and collected under the general laws." Pa. Const. art. VIII, § 1.

68.   To be uniform, a tax must operate alike on the classes of things or property subject to it." *Commonwealth v. Overholt & Co.,* 331 Pa. 182, 200 A. 849, 853 (1938).

---

worship, places of burial not held or used for private or corporate profit, **and *institutions of purely public charity, shall not be subject to tax or municipal claims on property,* by law, exempt from taxation** except for the removal of nuisances, for sewer claims and sewer connections, or for the curbing, recurbing, paving, repaving, or repairing the footways in front thereof."

69.  Only if there is "some legitimate distinction between the classes that provides a non-arbitrary and `reasonable and just' basis for the difference in treatment," the tax legislation is to be uniform. On the other hand, "[w]hen there exists no legitimate distinction between the classes, and, thus, the tax scheme imposes substantially unequal tax burdens upon persons otherwise similarly situated, the tax is unconstitutional." *Devlin v. City of Philadelphia,* 580 Pa. 564, 862 A.2d 1234 (Pa. 2004).

70.  The Affidavit of Title affirms that the "Indenture" ONLY changed by a correction of the title owner's name.  The Indenture was not a conveyance.  Furthermore, if it were a conveyance, the grantee is an American Legion Post is by law on the face of the Indenture as a post exempt from such taxation. 75 PA Section 5020-204. Id.

71.  Similar to all other posts in Montgomery County, PA there exists no legitimate distinction among their class and that of the Legion's Post, and thus, the tax scheme imposed upon the Legion's Post constitutes a substantially unequal tax burden otherwise not similarly imposed upon other posts that are tax exempt.

72.  For the foregoing reasons all real estate taxes imposed upon the Premises are unconstitutional!

WHEREFORE, Legion prays that this Honorable Court in consideration of and due to the foregoing averred acts and actions of and by Cheltenham, BOA and the Sheriff, DECLARE the following:

a)  that Defendant's collectively and individually violated the Legion's constitutional right of uniformity and to due process;

b)  that the Premises now and has always been, nunc pro tunc, exempt from taxation; and

14

c)  that the taxation of Legion's Post violated state statutes 75 PA Section 5020-204 and 75 PA Section 5020-204.

## 1983 ACTION

73.  For the foregoing reasons, the State Action constitutes an abuse of legal process for which Defendants must be found liable to Legion.

74.  For the foregoing reasons, the State Action constitutes a violation of Legion's protected and due process rights secured by the United States Constitution in that Defendant brought the State Action under color of Pennsylvania statutes, ordinance, regulations, customs, or usage, thereby subjecting and causing LEGION within the jurisdiction of this Honorable Court to be deprived of many rights, privileges, and immunities by illegal and unconstitutional acts set forth and demonstrated by the State Action; therefore, the Defendants must be held liable to LEGION in the sum of the cost and expenses, including legal fees it has and continues to incur since June 2020 in defense of the State Action, in addition to legal fees and costs incurred in the prosecution of this action.

Wherefore, Plaintiff, Legion prays that this Honorable Court enter judgment in its favor and against Defendants for the cost and expenses (including legal fees) it has and continues to incur since June 2020 in defense of the State Action, in addition to legal fees and costs incurred in the prosecution of this action, interest at the statutory and legal rate and such additional relief as is just and proper.

_/s/John D. Maida_____

November 13, 2023                     John D. Maida, Esquire
                                      (610) 277 6300
                                      jmaida#johndmaida.com
                                      15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **COMPLAINT** was served the 13th day of November

2023, by U.S. First Class Priority Mail, postage-prepaid, upon the following:

Cheltenham School District, 2000 Ashbourne Road. Elkins Park, PA 19027.

Montgomery County Board of Assessment Appeals, P.O. Box 311, Norristown, PA 19404

Montgomery County Sheriff, P.O. Box 311, Norristown, PA 19404

November 13, 2023                    _/s/John D. Maida_____
                                     John D. Maida, Esquire
                                     Attorney for Legion
                                     Attorney ID number 17182