IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN LEGION POST #497 VETERANS, INC. | : | CIVIL ACTION |
| | : | |
| | : | No. 23-4458 |
| v. | : | |
| | : | |
| CHELTENHAM SCHOOL DISTRICT, et al. | : | |
| | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                    **June 11, 2024**

Plaintiff American Legion Post #497 Veterans, Inc. ("Post 497") brings this suit under 42 U.S.C. § 1983 against Cheltenham School District, the Montgomery County Pennsylvania Sheriff, and the Montgomery County Pennsylvania Board of Assessment Appeals. Post 497 alleges Defendants violated its uniformity and due process rights by removing the tax exempt status from one of Post 497's properties and subjecting the property to a Sheriff's sale when taxes went unpaid. All Defendants move to dismiss Post 497's complaint for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and (6). Because the Tax Injunction Act and the principle of comity deprive this Court of jurisdiction over Post 497's claims, the motions to dismiss will be granted, and the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

On July 26, 1960, the Cheltenham Legion Home Association acquired the real property located at 8035 Jenkintown Road, Cheltenham Township, Pennsylvania ("the Property"). Compl. ¶¶ 1, 12, ECF No. 2. On March 25, 2019, a deed of confirmation was recorded in Montgomery County to correct the name of the Property's grantee from Cheltenham Legion Home Association

to Post 497. *Id*. ¶¶ 14-15. The Property held tax exempt status from its 1960 acquisition through December 31, 2019. *Id*. ¶ 17.

On September 5, 2019, the Montgomery County Board of Assessment Appeals ("BOA") removed the Property's tax exemption because of "a transfer of title." *Id*. ¶¶ 20-21. In a letter sent the same day, the BOA alerted Post 497 that the exemption would be removed effective January 1, 2020. *Id*. Post 497's first tax bill was levied on July 1, 2020. *Id*. ¶ 31. On June 28, 2023, because the taxes remained unpaid, and "at the behest" of Cheltenham School District, the Sheriff conducted an auction tax sale and sold the Property to recover the unpaid taxes. *Id*. ¶¶ 27, 46-48.

Post 497 first became aware of the levied taxes in 2023. *Id*. ¶ 30. In July 2023, Post 497 filed various motions in the Montgomery County Court of Common Pleas challenging the Sheriff's sale. Montgomery Defs.' Mem. Law 3-4, ECF No. 9. These motions, which were pending when Post 497 filed this federal action, included a petition for redemption and stay and two motions for summary relief. *Id*.; *see also id*. Ex. 3 at 2-3. Post 497 also filed a tax exemption application *nunc pro tunc* in July 2023, requesting a retroactive exemption starting on January 1, 2020. Compl. ¶¶ 32, 34. On October 3, 2023, the BOA denied Post 497's application for retroactive relief but granted a tax exemption to begin on January 1, 2024. *Id*. ¶¶ 11, 36-37. Post 497 timely appealed the BOA decision, and the appeal was also pending in the Montgomery County Court of Common Pleas when this federal action was filed. *Id*. ¶ 37.

After filing an appeal in state court, Post 497 filed a complaint in this Court on November 13, 2023. Post 497 seeks declaratory relief and damages pursuant to 42 U.S.C. § 1983 due to Defendants' alleged violations of Post 497's uniformity and due process rights. *Id*. ¶¶ 66-74.

Defendants now move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). ECF Nos. 9, 10.[1]

**DISCUSSION**

Defendants move to dismiss Post 497's Complaint because, *inter alia*, this Court is deprived of subject matter jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA") and the principle of comity. Montgomery Defs.' Mem. Law 6-7. Because the Court agrees, the motion to dismiss will be granted.[2]

The TIA was enacted "to prevent federal-court interference with the assessment and collection of state taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982). Under the TIA, district courts cannot "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Both injunctive and declaratory relief are prohibited. *Grace Brethren*, 457 U.S. at 411. If a suit is barred by the TIA, subject matter jurisdiction is lacking. *See Gass v. Cnty. of Allegheny*, 371 F.3d 134, 141 (3d Cir. 2004). Courts have interpreted the TIA "quite broadly" to "exclude virtually all challenges to state and local taxation from the federal courts." *Behe v. Chester Cnty. Bd. of Assessment Appeals*, 952 F.2d 66, 68 (3d Cir. 1991) (citation omitted).

---

[1]    Two motions to dismiss have been filed: one by Defendants Montgomery County Pennsylvania Sheriff and the Montgomery County Pennsylvania Board of Assessment Appeals, and the other by Defendant Cheltenham School District. *See* ECF Nos. 9, 10. Both motions largely make the same arguments.

[2]    Defendants also argue this action should be dismissed under the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Because the TIA and comity challenge is dispositive, the Court will not address these other arguments.

In addition, the Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts" when "plain, adequate, and complete" remedies are available in state court. *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981) (citation omitted). Accordingly, as the Third Circuit has explained:

> Taken together, the Tax Injunction Act and the Supreme Court's decision in *McNary* make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes . . . if a sufficient remedy . . . is available in state court.

*Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998) (citation omitted). The Third Circuit "has repeatedly held that the Pennsylvania state courts provide a 'plain, speedy, and efficient' remedy for challenges to a county's assessment of real property taxes." *Smiles v. Cnty. of Berks*, 778 F. App'x 84, 85 (3d Cir. 2019) (citing *Gass*, 371 F.3d at 137-38).

Post 497's claims are barred by the TIA and the principle of comity. Count I seeks declaratory judgment establishing: (1) Defendants violated Post 497's "constitutional right to uniformity and due process"; (2) the Property has always been tax exempt; and (3) the taxation of the Property violated state statutes. Compl. ¶¶ 66-72. In other words, Post 497 is challenging the state's collection of Post 497's real property taxes in federal court, which would "enjoin, suspend or restrain" the state's administration of taxes.[3] *See Grace Brethren*, 457 U.S. at 411 (concluding

---

[3]     The Court also notes Post 497 filed an unauthorized eight-page sur-reply which seemingly raises at least two additional claims, including bad faith and harassment. *See* Pl.'s Reply 1-3, ECF No. 14. This sur-reply was filed without leave of court, as required in the undersigned's Policies and Procedures. *See* Judge Sánchez's Policies and Procedures, https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/sanpol.pdf ("A sur-reply may only be filed with permission of the Court upon good cause shown and may not exceed five pages."). And these claims are additional challenges to the state's taxation actions and therefore also barred by the TIA and the principle of comity, as explained.

the TIA prohibits declaratory relief for plaintiffs who mount state tax challenges in federal court); *see also Baldwin v. Linebarger, Goggan, Blair & Sampson, LLP*, Civ. No. 12-743, 2012 WL 3638677, at *3 (E.D. Pa. Aug. 24, 2012) (dismissing plaintiff's challenge to a Sheriff's sale of property in federal court for lack of subject matter jurisdiction "[b]ecause the process of a Sheriff's Sale is part of the tax assessment and collection procedure of the City of Philadelphia"). Count II, brought pursuant to § 1983, alleges the state action leading to the Property's sale violated Post 497's uniformity and due process rights, and seeks all related costs and expenses incurred. Compl. ¶¶ 73-74. These § 1983 claims are similarly barred by the principle of comity, as challenging Defendants' method of collection necessarily challenges the validity of the state tax system. *See Lehigh Valley Properties, Inc. v. Portnoff L. Assocs., LTD.*, Civ. No. 19-4892, 2020 WL 1984889, at *5 (E.D. Pa. Apr. 27, 2020).

Post 497 unpersuasively attempts to frame this federal action as distinct from the TIA's prohibition of enjoining, suspending, or restraining state taxation. Post 497 claims its state actions seek "a Decree Nisi to vacate the tax sale and reinstatement of its entitled exemption from any real property taxation,"[4] Pl.'s Reply 4; *see also* Pl.'s Resp. 8, ECF No. 11, while its federal action aims to challenge "the improper conduct of the Defendants." Pl.'s Second Resp. 3, ECF No. 12. This is a distinction without a difference.[5] The alleged "improper conduct of the Defendants" was undertaken to collect state taxes. The TIA is "not focused on taxes only, but rather the broader

---

[4]     Tellingly, Post 497 also asks this Court in a separate reply to "overturn the tax sale as a matter of law, order the reinstatement of Post #497 real property as exempt from taxation, and require that Montgomery County and Cheltenham School District pay Post #497 attorney fees as prayed." Pl.'s Reply 4.

[5]     The same is true of Post 497's claim that "the laws of the Commonwealth are not being challenged; but, rather the acts and actions of the County and School District are so challenged." Pl.'s Reply 2.

activities of assessing, levying, and collecting taxes." *Lehigh Valley*, 2020 WL 1984889, at \*4. Challenging the Defendants' method of tax collection is thus barred by the TIA, which prohibits this Court from enjoining, suspending, or restraining "the assessment, levy or collection" of state taxes. 28 U.S.C. § 1341.

Because Post 497 is undoubtedly challenging state taxation, this Court lacks subject matter jurisdiction over this case so long as Pennsylvania provides a "plain, speedy and efficient remedy." *See Behe*, 952 F.2d at 68. The Third Circuit has explicitly held Pennsylvania's "fully-developed administrative and judicial apparatus" does so. *See Gass*, 371 F.3d at 140. Notably, Post 497 has not alleged any change to this apparatus making such remedies unavailable post-*Gass*. Post 497 nonetheless implies Pennsylvania remedies are inadequate because the attorney fees it seeks "cannot be recovered in the state court." Pl.'s Resp. 2, 8-9. But the TIA does not require state courts to provide "a favorable substantive outcome" or "the best, most convenient, or speediest" remedy. *Gass*, 371 F.3d at 137, 139. "[I]t only requires access to the state courts and an opportunity for meaningful review." *Id*. at 139. Post 497 has unquestionably been provided both access and the opportunity for meaningful review, as exhibited by its pending petition, motions, and appeal in the Montgomery County Court of Common Pleas. *See* Montgomery Mem. Law Ex. 3 at 2-3[6]; *see also* Compl. ¶ 37. This is all the TIA requires to bar Post 397's case from federal court.[7]

---

[6]     This Court may consider matters of public record, including state court dockets, in deciding a motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[7]     Post 497 claims the resolution of its state actions "will not . . . address nor provide the Legion [the] relief and redress" sought. Pl.'s Resp. 2, 8-9. But "Pennsylvania courts also can provide adequate remedies for Plaintiff's claims for damages under . . . Section 1983." *Lehigh Valley*, 2020 WL 1984889, at \*6 (citation omitted).

The TIA and the principle of comity prohibits this Court from exercising jurisdiction. Post 497's challenges to state taxation are properly pending in state court. Accordingly, the Complaint will be dismissed for lack of subject matter jurisdiction.

An appropriate Order follows.


BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.